UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Richard S. Levick,<br><br>Plaintiff,<br><br>versus<br><br>Kris R. Kiser,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:15-CV-02054 – BAH |

**MOTION FOR DISMISSAL OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**
(Civil Rule 12(b), (e))

The Defendant, Kris R. Kiser ("Mr. Kiser"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby moves for dismissal of this action, in whole or in part or, in the alternative, for a more definite statement. This motion is made on the grounds that the factual allegations in the complaint are so vague and conclusory that they cannot support a cause of action, or any of them, and do not permit Mr. Kiser to prepare a proper response. This motion is made on this notice, on the Memorandum of Points and Authorities attached thereto and served herewith, on the Complaint in this action, on the arguments of counsel, if any, and on such other and further material, of whatever nature, as may be presented at any hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURE

### A. Introduction

This action arises out of a residential real estate transaction that closed well over a year ago. The Defendant, Mr. Kiser, bought the house in question as his own residence, performed considerable work on it within a year of the purchase, and lived in the house for over four years. The Plaintiff, a stranger to Mr. Kiser until 2014, appeared on Mr. Kiser's doorstep and entreated Mr. Kiser to sell him the house, which was not listed for sale. Only after the Plaintiff then failed to buy it did Mr. Kiser list the house for sale. The Plaintiff had the house repeatedly and multiply inspected by his own contractors and employees, even before the house was listed for sale, as well as by an independent, licensed home inspector, but now, close to two years later, claims the existence of many alleged faults with the house, each of which apparently escaped the notice of all of these experienced professionals. In reality, this lawsuit is the result of the Plaintiff's remodeling the house he bought over a year ago to suit his girlfriend—as he told Mr. Kiser he would do—and wanting somebody else (Mr. Kiser) to pay for the remodeling.

### B. Procedure

More than a year after buying the house, the Plaintiff filed a complaint to initiate this action. The factual allegations in the complaint, particularly those bearing on alleged misrepresentations, are extraordinarily vague, such that the allegations do not support a cause of action for fraud, the gravamen of the complaint. The facts pertaining to alleged breaches of contract are "full of holes". Mr. Kiser requests that this Court dismiss this action for failure to state a claim upon which relief may be granted. In the alternative, Mr. Kiser requests that this Court order the Plaintiff to file a more definite statement of the facts on which he relies, so that

Mr. Kiser may have specific allegations to which to respond.

## II. THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF CONTRACT

The Complaint claims that Mr. Kiser breached the Sales Contract for the house. Complaint at §§ 36-37. It separately makes a derivative claim that Mr. Kiser "breached the implied covenant of good faith and fair dealing contained in the Sales Contract", § 57. Remarkably, the Sales Contract is not attached to the Complaint, either in its original form or as amended.

### A. Breach of Contract

To state a claim for breach of contract, a party must plead (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015). To state a claim for breach of contract that will survive a Rule 12(b)(6) motion to dismiss, a plaintiff must describe the terms of the alleged contract and the nature of the defendant's breach. *Nattah v. Bush*, 605 F.3d 1052, 1058, 390 U.S.App.D.C. 435 (D.C. Cir. 2010). However, "the contract must be read as a whole". *Moran v. Audette*, 217 A.2d 653, 654, (D.C. 1966). The plaintiff must not be allowed to "pick and choose" which provisions of the contract he wishes the Court to see, concealing the provisions that show there was no breach. That would be a fraud at least as great as the fraud the Plaintiff claims. Real property is almost invariably sold "as is", unless otherwise specified in the contract. See, *e.g.*, *Shapiro v. Hu*, 188 Cal. App. 3d 324; *Sahrapour v. Lesron, LLC*, 119 A.3d 704 (D.C. 2015). Virtually every contract for real property contains an "as is" provision, as is well known.

It is easy to see why the contract was not attached: had it been attached, the Court could easily see that Mr. Kiser complied with its terms: he allowed the Plaintiff to inspect the house

himself, and to have it inspected by professionals. Based on the opinions of those professionals, the Plaintiff proceeded to buy the house, which was sold "in its AS-IS condition", pursuant to law and § 7 of the Sales Contract (emphasis original). If he now finds that he does not like the condition of the house, he has a complaint against those professionals, not the "AS-IS" seller, Mr. Kiser.

More to the point, the Complaint does not even set out what it purports to set out. Section 35 describes the Contract but stops short, ending with "the Seller's Disclosure Statement regarding the . [*sic*]". The Complaint, although it specifically mentions "the terms and conditions in the Sales Contract", *id.*, does not say what they are. It then claims that Mr. Kiser breached the Sales Contract by selling the house with "defects", § 36, but does not allege that the contract required the house to be sold without defects. It goes on to allege that Mr. Kiser breached the Sales Contract by "using non-licensed electrician [*sic*]", § 37, without alleging what provision of the Sales Contract that purported action breached. Section 38 appears to be a lost part of the next count (fraud). These and the vague claim of damages in Section 39 are the only elemental claims in Count I (breach of contract). As a result, the Complaint fails properly to plead an obligation or duty arising out of the Sales Contract, and thus fails to state a claim for breach of contact.

**B. Breach of the Covenant of Good Faith**

The implied covenant of good faith and fair dealing is simply a part of contract law. "All contracts contain an implied duty of good faith and fair dealing". *Allworth v. Howard Univ.*, 890 A.2d 194, 196 (D.C. 2006). Thus, a breach of the implied covenant is simply a subspecies of breach of the contract in which the covenant is implied: "If the party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by

the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." *Id.* See also *Abdelrhman v. Ackerman*, 76 A.3d 883 (2013) (affirming dismissal of complaint, as "[a] truthful representation regarding the meaning of the contract could not frustrate appellants' enjoyment of the benefits of the contract, nor could it fairly be characterized as arbitrary or capricious or made in bad faith." *Id.* at 892).

As set out above, the facts as pleaded do not support a claim of breach of contract. They similarly do not support a claim of breach of the contractual covenant, as claimed in Count V, which contains no allegation of any actual duty which is claimed to be implied and breached, and no discussion of how the Sales Contract was allegedly frustrated. These counts, and each of them, should be dismissed. If they or any of them are not dismissed, Mr. Kiser requests that this Court order the Plaintiff to file an Amended Complaint with the Sales Contract attached as an exhibit thereto, per Rule 10(c).

## III. THE COMPLAINT DOES NOT STATE A CLAIM FOR FRAUD

In the District of Columbia, "fraud must be particularly pleaded." *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). The essential elements of fraud are (1) a false representation, (2) of a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken in reliance on the representation. *Id.* A plaintiff claiming fraud must allege facts sufficient to establish "all the requisite elements of fraud", *id.* at 59-60, and must do so "with particularity". F.R.Civ.P. 9(b). Significantly, fraud may not be "established" by "impermissible speculation." *Bennett*, *supra*, at 60. More specifically, a buyer who assumes the burden of an examination cannot later say he was deceived to his injury, *Fireison v. Pearson*, 520 A.2d 1046, 1050 (D.C. 1987), negating the fifth essential element of the tort.

Despite these rules, the Complaint makes vague allegations and inductive leaps of faith,

avoiding the requirement of particularity and speculating wildly. The first substantive section of Count II (fraud) leaps right into conclusory claims of "maliciously, intentionally[,] and willfully", but then proceeds to set out the claimed misrepresentations: "the Real Property had four bedrooms, plus a den and three and a half bathrooms . . ." § 41. It beggars belief that a person with the ability to count to four could have relied on claimed misrepresentations as to the number of bedrooms and bathrooms in a house he had repeatedly visited, and had inspected by numerous professionals, over a period of some months; the fifth necessary element fails. The other claims in that section are not supported by specific allegations of misstatements, "particularly pleaded": they are vague and/or conclusory. Subsequent sections attempt to blame Mr. Kiser for the work of others, dating back decades before he owned the house.

The Facts Common To All Counts segment of the Complaint (incorporated into Count II by reference, § 40) repeatedly asserts that Mr. Kiser said he had "no actual knowledge" of various claimed defects. *E.g.*, §§ 26-31. It then alleges that various and sundry defects existed. *Id.* In so doing, it leaps over any allegation that Mr. Kiser had "actual knowledge" of these claimed defects (let alone how he had it), thus missing the third element of fraud: knowledge. Intent to deceive, the fourth element, is brushed by in a wholly conclusory fashion as well. The allegation of "attempts to mask or hide defects", § 31, fails to allege that Mr. Kiser did the attempting (nor could it do so). Indeed, it fails to allege that any person now alive made such attempt, carefully using the passive voice to avoid naming any alleged actors.

For these reasons, the Complaint falls short of properly pleading a cause of action for fraud. That cause of action should be dismissed.

## IV. THE COMPLAINT DOES NOT STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

Negligent misrepresentation is much like fraud (intentional misrepresentation), lacking intent and essentially substituting negligence for it. To establish negligent misrepresentation by a defendant, a plaintiff must show: (1) the defendant negligently communicated false information; (2) the defendant intended or should have recognized that the plaintiff would likely be imperiled by action taken in reliance upon his misrepresentation; and (3) the plaintiff reasonably relied upon the false information to his detriment. *Hall v. Ford Enterprises, Ltd.*, 445 A.2d 610, 612 (D.C. 1982). Negligence, needed to establish the first element in this tort, has its own elements: (1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of care; (2) a breach of this duty by the defendant; and (3) an injury to the plaintiff proximately caused by the defendant's breach. *Morgan v. District of Columbia*, 449 A.2d 1102, 1108 (D.C. 1982), *rev. en banc on other grounds*, 468 A.2d 1306 (D.C. 1983). Notably, the duty claimed to have been breached is distinct from, and should not arise from a contract, as breach of a contractual duty is a breach of the contract. *Bostic v. Henkels & McCoy, Inc.*, 748 A.2d 421, 424 (D.C. 2000); see also *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264 (D.C. 2000)

The Complaint's Count III (negligent misrepresentation) fails to allege a duty in Mr. Kiser that did not arise in connection with the Sales Contract. Indeed, the Sales Contract was the only relationship between the Plaintiff and Mr. Kiser. Thus, the first element of negligent misrepresentation fails: any duty Mr. Kiser may have had toward the Plaintiff was not imposed at common law, but contractually.

A person with the capacity to enter into a valid contract, backed by a small army of contractors and inspectors, could not reasonably have relied on claimed misrepresentations as to the number of bedrooms and bathrooms in a house he had repeatedly visited over a period of

some months. The reliance (the third element) claimed at the beginning of Section 45 also falls.

In addition, the Complaint fails to allege that Mr. Kiser "should have recognized that the plaintiff would likely be imperiled by action" taken in reliance on the purported misrepresentations. In order to do so, Mr. Kiser would need to have known, or at least ought to have known, that they were untrue. As the purported misstatements cover matters "within [the] walls" of the house, § 31, dating back decades, the failure to allege that Mr. Kiser knew or should have known of all these "defects" is fatal to the cause of action, as the second element of negligent misrepresentation is also not present.

Thus, each of the essential elements of negligent misrepresentation is missing from Count III in some way. No cause of action for negligent misrepresentation is properly pleaded. This Count should be dismissed.

## V. THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION OF THE CONSUMER PROTECTION ACT

Section 28-3904 of the D. C. Code, a portion of the D.C. Consumer Protection Procedures Act, makes it unlawful for "any person" to violate its provisions. However, only a "merchant", as defined in § 28-3901(a), is subject to liability under the Act. *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709-10 (D.C. 1981). Section 28-3901(a) defines a merchant as

> a person, whether organized or operating for profit or for a nonprofit purpose, who in the ordinary course of business does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who in the ordinary course of business does or would supply the goods or services which are or would be the subject matter of a trade practice;

D.C. Code § 28-3901(a)(3).

Although the Complaint's Count IV alleges that Mr. Kiser is a merchant, § 49, the words of the statute give the lie to this assertion: Mr. Kiser, a private individual, does not sell houses "in the ordinary course of business". Indeed, as noted in the Complaint at § 6, Mr. Kiser was

selling his own home. He had lived in it from 2010, *id.* at § 6, to 2014, *id.* at § 9. Therefore, Mr. Kiser was not a "merchant", and thus is not subject to liability under the Consumer Protection Procedures Act. Count IV should be dismissed.

## VI. ACCEPTANCE OF THE DEED TERMINATED THE COVENANTS IN THE CONTRACT

It is well-established law that under the doctrine of merger, delivery of a deed to real property causes the contract for the conveyance of that property to merge with the deed, and acceptance of the deed **terminates** any covenants and stipulations in the contract. *Haviland v. Dawson*, 210 A.2d 551, 554 (D.C. 1965). Any rights under the purchase contract are extinguished. *Sahrapour v. Lesron, LLC*, 119 A.3d 704, 708 (D.C. 2015). An exception exists for those covenants that are "not in their nature satisfied" by the delivery of the deed. *Burka v. Crestview Corp.*, 321 A.2d 853, 855 (D.C. 1974).

As the Plaintiff accepted the deed to the property, Complaint § 33, he allowed the Sales Contract to be merged with it, as a document "of greater dignity", and the Sales Contract was entirely satisfied; its covenants and stipulations were terminated. As the Plaintiff has failed to attach a copy of the Sales Contract to the Complaint, or to quote from it, he has failed show that there were any provisions in it that were, by their nature, not merged with the deed and thus terminated. Either the Plaintiff should be ordered to attach a complete copy of the Sales Contract to an amended complaint, or the Complaint should be dismissed.

## VII. CONCLUSION

For all of the reasons set out and discussed *supra*, the Complaint, although artfully drafted, fails to state a claim against Mr. Kiser. The Complaint should be dismissed with prejudice. Furthermore, each of the Counts pleaded in the Complaint fails to state a cause of action against Mr. Kiser. Each of the Counts should be dismissed.

In the event that this Court does not dismiss this entire action with prejudice, it is clear that the Complaint is so vague and ambiguous that Mr. Kiser cannot reasonably prepare a proper response, for the reasons set out *supra*. The Court should order the Plaintiff to file an amended complaint, addressing each of the shortcomings described herein and stating each of the facts claimed to support a cause of action with specificity, and also to attach a complete copy of the Sales Contract, with all amendments, as an exhibit thereto.

REQUEST FOR ORAL HEARING

Pursuant to Local Civil Rule 78.1, Mr. Kiser requests an oral hearing of this Motion.

Date: January 8, 2015

Respectfully submitted,

/s/ Minturn Wright

Minturn Wright, Esq. (#455823)
Richard F. Dzubin, Esq. (*pro hac vice* pending)
Rich Rosenthal Brincefield
Manitta Dzubin & Kroeger, LLP
201 N. Union Street, Suite 230
Alexandria, Virginia 22314
(703) 299-3440
mtwright@rrbmdk.com
rfdzubin@rrbmdk.com

Attorneys for defendant
Kris R. Kiser

CERTIFICATE OF SERVICE
(Rule 5(d)(1))

I HEREBY CERTIFY that on January 8, 2016, a copy of the foregoing document was served electronically through the Court's electronic filing system and/or by United States Mail, first class postage prepaid, on the following:

Sanford M. Saunders, Jr.
Nicoleta Timofti
Greenberg Traurig
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

Attorneys for the plaintiff

/s/ Minturn Wright
Minturn Wright