UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Richard S. Levick, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| versus | ) Case No. 1:15-CV-02054 – BAH |
| | ) |
| Kris R. Kiser, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY TO OPPOSITION TO MOTION FOR DISMISSAL
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

The Defendant, Kris R. Kiser ("Mr. Kiser"), hereby replies to the Plaintiff's opposition to his motion for dismissal or, in the alternative, for a more definite statement. The Motion is thus made on the basis of this Reply, in addition to the bases stated earlier.

### I.  INTRODUCTION

In his Opposition, the Plaintiff appears to argue that he should be allowed to introduce any facts he pleases, no matter how contradictory, irrelevant, or unsupported. He further seems to argue that no matter how "full of holes" his pleadings may be, they should stand. His argument as to the doctrine of merger is almost incomprehensible. Mr. Kiser again requests that this Court dismiss this action, and each of its counts. In the alternative, Mr. Kiser requests that this Court order the Plaintiff to file a more definite statement of the facts on which he relies, so that Mr. Kiser may have specific allegations to which to respond.

### II.  MR. KISER IS NOT A "FLIPPER"

The Plaintiff seeks to make much of his assertion that Mr. Kiser "flips" houses (buys them, fixes them up, and then quickly sells them), and seeks to tar Mr. Kiser with this brand by

using it as much as possible (including four times in the introduction to the Opposition). In reality, as noted by the Motion at p. 9, the Complaint admits that Mr. Kiser owned and lived in the house for four years before selling it, hardly a quick "flip". Pursuant to F.R.Civ.P. 12(f), Mr. Kiser requests that this Court strike and bar all reference to "flipping", the claimed presence of which is belied by the Complaint's own language, as cited in the Motion.

### III.  THE CONTRACT WAS NOT BREACHED

The Opposition argues, without citing a single authority, that the list of purported code violations is enough to show Mr. Kiser committed them "knowingly and intentionally." Opp. at p. 5. Indeed, a major gravamen of the Complaint seems to be that because there are a number of alleged code violations in this 75-year-old house that he owned some time ago, Mr. Kiser must have (1) committed them himself, (2) done so intentionally, and (3) knowingly concealed them in old walls, etc. *E.g.*, Opp. at pp. 6-7. *Post hoc ergo propter hoc* is not a valid argument; it is a fallacy. *Bahura v. S.E.W. Investors*, 754 A.2d 928, 943 (D.C. 2000).

The Opposition goes on to argue, curiously, that Mr. Kiser "breached the sales contract by listing [the house] as such." Opp. at p. 6. It is inconceivable that the contract (ratified May 12, 2014, Opp. Exh. A at p. 7) could have been breached by an event that occurred earlier (the listing of the house for sale in "early 2014", Complaint § 10). In so claiming, the Opposition moves from *post hoc ergo propter hoc* to *ante hoc ergo propter hoc*. This is the sort of fallacious argument that pervades both the Opposition and the Complaint it seeks to defend.

The opposition's one citation to authority in its first section (breach of contract, pp. 4-9), is *Phenix-Georgetown, Inc. v. Chas. H. Tompkins Co.*, 477 A.2d 215, 222-23 (D.C. 1984). That case arose from the hiring of a "construction manager to oversee the construction of a mixed-use real estate complex". *Id.* at 217. The reason a landowner hires a construction manager includes

keeping a watch for construction defects, as set out in that contract and in the case opinion. *Id.* at 217-18. *Phenix-Georgetown* has no applicability to this case, which arises wholly from the sale of a pre-existing single-family residence.

## IV. GOOD FAITH AND FAIR DEALING IS A SUBSET OF BREACH OF CONTRACT

The Opposition, while earnestly arguing that the Complaint states a claim for breach of contract and breach of the covenant of good faith and fair dealing in connection with the same contract, glosses over a key point: breach of the covenant of good faith and fair dealing is a variety of breach of contract. *Allworth v. Howard U.*, 890 A.2d 194, 201-02 (D.C. 2006). A good-faith breach may exist when the defendant performs to the letter of the contract, but still acts to frustrate the purpose of the contract. It is simply a different kind of breach. The reasons that the contract was not breached in general cover this variety of breach as well.

While it does not change the argument set out in the Motion and *supra*, it is interesting that the Opposition refers to "D.C. law" on the covenant of good faith, but then quotes the Federal Rules of Civil Procedure as to what D.C. law provides. Opp. at p. 9. With all due respect to this Court, the Federal Rules do not set D.C. law.

## V. THE COMPLAINT HAS NOT PROPERLY PLEADED FRAUD

As before, "fraud must be particularly pleaded", including knowledge of the statement's falsity, intent, and deception. *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). While the Motion noted that particular, specific facts, including statements, are required, the Opposition—as the Complaint before it—seems to be predicated on the idea that sheer volume of vague allegations can make up for this failing, and (as before) that recitation of a list of purported defects somehow reaches the level of actual knowledge. Even if that were somehow true, the

Complaint shoots that argument in the foot by repeatedly asserting that Mr. Kiser admitted he had "no actual knowledge" of various claimed defects. *E.g.*, §§ 26-31.

Not satisfied with the "quantity suffices for quality" approach, the Opposition alleges additional defects, "*e.g.*, the wiring running under the shower", Opp. at p. 11, which was not alleged earlier. The Plaintiff cannot be heard to allege additional facts now in his effort to show that he pleaded sufficient facts earlier.

While the Opposition points out that some of the claimed defects in the house were purportedly concealed, as discussed *supra*, the Plaintiff then seeks to hide behind these allegations. While some of these conditions may have escaped the notice of an ordinary home inspector (who would have no further involvement with the house), they would not escape the notice or suspicion of an experienced building contractor (who was planning on conducting extensive renovation work), of which the Plaintiff had a small army visit the house. As before, a buyer who assumes the burden of an examination cannot later say he was deceived to his injury, *Fireison v. Pearson*, 520 A.2d 1046, 1050 (D.C. 1987), negating that essential element of the tort.

Repeating a vague allegation does not make it specific. Listing purported defects in a house he owned does not make Mr. Kiser know and conceal them. The Complaint fails to plead fraud with the appropriate level of particularity.

## VI.  NEGLIGENT MISREPRESENTATION

As discussed in more detail in the Motion, negligent misrepresentation is much like fraud (intentional misrepresentation), lacking intent and essentially substituting negligence for it. Negligence requires a duty to be breached. *Morgan v. District of Columbia*, 449 A.2d 1102, 1108 (D.C. 1982), *rev. en banc on other grounds*, 468 A.2d 1306 (D.C. 1983). As before, the duty

claimed to have been breached is distinct from, and should not arise from a contract, as breach of a contractual duty is a breach of the contract. *Bostic v. Henkels & McCoy, Inc.*, 748 A.2d 421, 424 (D.C. 2000); see also *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264 (D.C. 2000)

Although the Opposition seeks to distract the Court from the need for a non-contractual duty by alleging numerous purported "failures" on Mr. Kiser's part, the fact remains that even if these purported breaches did occur, the duty allegedly breached arose only through the contractual relationship of the parties.  Absent even a claim of a non-contractual duty, the count of negligent misrepresentation must fall.

Similarly, the Opposition continues to claim and suggest that the quantity of purported defects means that Mr. Kiser knew of them, despite that they were "within [the] walls" of the house, Complaint at § 31.  Again, quantity is not a substitute for quality.  The Complaint thus fails to allege that Mr. Kiser knew or should have known of the "defects", even if he did have a non-contractual duty to disclose them.  No cause of action for negligent misrepresentation is properly pleaded.

## VII.  CONSUMER PROTECTION ACT

The Opposition continues to hew to its old line that anything pleaded in the Complaint should be accepted as true, even if contradicted by the Complaint itself.  It goes on to claim that Mr. Kiser "flipped" the house on the basis of the Complaint's naked allegation that Mr. Kiser "flipped" other parcels of real estate. Opp. at p. 14.

As before, Motion at p. 9, and *supra*, the Plaintiff's insistence that Mr. Kiser "flipped" this house is belied by the Complaint's admitting that he owned and lived in it for four years.  It defies rational belief (and the definition of the term) that one can sell one's own home after four years and be a "flipper".  The Opposition attempts to patch up this hole in the Complaint's

argument by suggesting that Mr. Kiser "is engaged in an organized business of the sale of real estate", Opp. at p. 14, but this fails on two accounts.  First, the Complaint alleges that Mr. Kiser is "the President and CEO of the Outdoor Power Equipment Institute", Complaint at § 2, a far cry from a buyer and seller of real estate.  Second, the house was Mr. Kiser's own home, not some investment property, as abundantly discussed in the Motion.  The Consumer Protection Act does not apply to a private transaction between two individuals. *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709-10 (D.C. 1981).

### VIII.  THE OPPOSITION MISCONSTRUES THE DOCTRINE OF MERGER

The Opposition argues, remarkably, that because "the deed was not attached to the sales contract", its delivery falls "outside the scope of the Complaint" and somehow defeats the doctrine of merger. Opp. at 15.  Not only are the Plaintiff's assertions made completely without citation to authority of any kind (and thus susceptible to being ignored or stricken, see *Hoffman v. U.S.*, 266 F.Supp.2d 27 (D.D.C. 2003)), but they utterly misconstrue the doctrine of merger.

Merger, with respect to a conveyance of real estate, holds that when a contract calls for a deed, the delivery and acceptance of the deed supersedes the contract.  The deed, being signed and sealed with specified formalities, is an instrument of "higher dignity" than a contract; in addition, it is made later than the contract. *Gayle v. Fattle*, 14 Md. 69 (1859).[1]  As such, the contract is taken as having been merged into the deed, once the deed is delivered and accepted.  The acceptance of the deed by the grantee **terminates** any covenants and stipulations in the contract that gave rise to the deed. *Haviland v. Dawson*, 210 A.2d 551, 554 (D.C. 1965).  Any

---

[1] The common law of Maryland, particularly as it relates to real estate, is of great importance in the District of Columbia, *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C. 1983), as what is now the District was "carved out of Maryland and derives its common law from that State". *Dennis v. Walker*, 284 F. Supp. 413, 416 (D.D.C. 1968).

rights arising under the purchase contract are thus extinguished. *Sahrapour v. Lesron, LLC*, 119 A.3d 704, 708 (D.C. 2015).

In his Opposition, the Plaintiff, while granting that the contract in question was for the conveyance of real property, Opp. at 5, argues that the delivery of the deed is an issue for discovery, Opp. at 15.  However, he omits that he has admitted that he accepted the deed and "settled on the Real Property", Complaint § 33.[2]  In accepting the deed, the Plaintiff allowed the Sales Contract to be merged with the deed, a document "of higher dignity", and the Sales Contract was thus satisfied; its covenants and stipulations were terminated.  The Plaintiff points to no exception to the doctrine, and thus concedes the point.

### IX.  CONCLUSION

For all of the reasons set out and discussed *supra*, the Complaint fails to state a claim against Mr. Kiser, and the Opposition does not change this.  The Complaint, and each of the Counts pleaded in it, should be dismissed.

Should this Court not dismiss the Complaint, it should order the Plaintiff to file an amended complaint, addressing the shortcomings identified and stating, specifically and with particularity, each of the facts claimed to support a cause of action (and attaching a complete copy of the Sales Contract, with all amendments), as he has offered to do. Opp at p. 5, fn. 2.

---

[2] Mr. Kiser requests judicial notice of the fact that settling on a contract for the conveyance of real estate necessarily involves delivery and acceptance of a deed for that real estate.

Date: February 4, 2015                                    Respectfully submitted,

                                                          /s/  Minturn Wright
                                                      Minturn Wright, Esq. (#455823)
                                                      Richard F. Dzubin, Esq. (*pro hac vice*)
                                                     Rich Rosenthal Brincefield
                                                         Manitta Dzubin & Kroeger, LLP
                                                    201 N. Union Street, Suite 230
                                                    Alexandria, Virginia 22314
                                                    (703) 299-3440
                                                    mtwright@rrbmdk.com
                                                    rfdzubin@rrbmdk.com

                                                    Attorneys for defendant
                                                    Kris R. Kiser

## CERTIFICATE OF SERVICE
(Rule 5(d)(1))

     I HEREBY CERTIFY that on February 4, 2016, a copy of the foregoing document was served electronically through the Court's electronic filing system and/or by United States Mail, first class postage prepaid, on the following:

Sanford M. Saunders, Jr.                                                                                   Attorneys for the plaintiff
Nicoleta Timofti
Greenberg Traurig
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

                                                         /s/  Minturn Wright
                                                         Minturn Wright