## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS MANNA,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, *et al.*,<br><br>                    Defendants. | Civil Action No. 15-794 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION

The plaintiff, Louis Anthony Manna, who is proceeding *pro se*, brings this action against the U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively, the "defendant"), [1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.*  The plaintiff, a former organized crime operative who has been incarcerated for nearly three decades, seeks the release of information provided to the government by an informant, who was an associate of the plaintiff prior to the latter's arrest and prosecution.  Pending before the Court is the defendant's motion to dismiss the plaintiff's claim under the APA for failure to state a claim and for summary judgment as to the plaintiff's FOIA claim.  Def.'s Mot. Summ. J. & Mot. Dismiss ("Def.'s Mot."), ECF No. 10.  For the reasons set forth below, the defendant's motion is granted.

## I.      BACKGROUND

In moving for summary judgment, the defendant submitted a Statement of Material Facts about Which There is No Genuine Dispute ("Def.'s SMF"), ECF No. 10-1, as required by D.C.

---

[1]      As explained in the Defendant's Proposed Schedule for Filing Dispositive Motion at 1, ECF No. 4, the FBI is "a component of the U.S. Department of Justice."  For this reason, and consistent with the parties' pleadings, the singular is used to refer collectively to the DOJ and FBI.

Local Civil Rule 7(h)(1).  In responding to the defendant's motion, the plaintiff failed to submit a corresponding statement specifically identifying those facts as to which the plaintiff contends "there exists a genuine issue necessary to be litigated," D.C. Local Civil Rule 7(h)(1), choosing instead to incorporate additional factual allegations into his opposition to the defendant's motion. *See generally* Pl.'s Mem. Opp'n Dismissal, or Alt., Summ. J. ("Pl.'s Opp'n), ECF No. 12.  The Court has carefully considered these submissions in evaluating the parties' factual assertions and arguments and the inferences that can be drawn in favor of the plaintiff as the non-moving party. The facts pertinent to the plaintiff's claims are summarized below, with any remaining factual disputes noted.[2]

The plaintiff was a high-ranking member of the American mafia in New York and New Jersey in the 1980s.  Def.'s SMF at 1.  Following an investigation by the FBI, the plaintiff was convicted in 1989 of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, based on predicate offenses under the Hobbs Act, 18 U.S.C. § 1951, and the Taft–Hartley Act, 29 U.S.C. § 186, for organized gambling, and for three separate convictions for conspiracy to commit murder.  *Id.*  The defendant was sentenced to eighty years' imprisonment and has been incarcerated for nearly three decades.  *Id.*; Pl.'s Opp'n at 25.  While in prison, the plaintiff has submitted numerous FOIA requests to the defendant, Decl. David M. Hardy (Oct. 10, 2015) ("Hardy Decl.") ¶ 5, ECF No. 10-3, which have spurred at least three prior cases in this jurisdiction and the District of New Jersey, *see Manna v. U.S. Dep't of Justice*, 106 F. Supp. 3d 16 (D.D.C. 2015); *Manna v. U.S. Dep't of Justice*, No. CIV. A. 93-

---

[2]     As explained below, the defendant's motion to dismiss the plaintiff's claim under the APA is granted for reasons unrelated to the facts supporting that claim.  Accordingly, the factual summary that follows draws primarily on the defendant's statement of material facts submitted in support of the parallel motion for summary judgment as to the plaintiff's FOIA claim.

81, 1994 WL 808070 (D.N.J. Apr. 13, 1994); *Manna v. U.S. Dep't of Justice*, 832 F. Supp. 866, 869 (D.N.J. 1993), *aff'd*, 51 F.3d 1158 (3d Cir. 1995).

The present action arises out of testimony provided by Peter Caporino, an associate of the plaintiff prior to his arrest and conviction, in the 2006 criminal trial of Michael Crincoli (the "Crincoli trial"). In that trial, Caporino testified that he previously provided information to the government about the plaintiff prior to the plaintiff's prosecution. Def.'s SMF at 2. In light of this testimony, the plaintiff submitted a FOIA request to the defendant in August 2014 seeking "all information provided by Mr. Peter Caporino to any FBI agent, United States Attorney, or any other agency that he provided information or material evidence to" regarding the investigation and conviction of the plaintiff. Def.'s SMF at 2; Compl., Ex. 1 (Ltr. from Louis Anthony Manna to FBI Records Management Division, dated Aug. 5, 2014) at 1, ECF No. 1. This same letter also indicates that the request is for "any information provided by Peter Caporino from the onset of his opening as an informant for the government up to and including [August 5, 2014]." Def.'s SMF at 2; Compl., Ex. 1 at 9.

On October 23, 2014, the FBI acknowledged receipt of the plaintiff's request and, recognizing the "important privacy interest" implicated, invited the plaintiff to provide: (1) "an authorization and consent from" Caporino; (2) "proof of [Caporino's] death;" or (3) "a justification that the public interest in disclosure outweighs [Caporino's] personal privacy." Def.'s SMF at 2; Compl., Ex. 3 (Ltr. from David M. Hardy to Louis Anthony Manna, dated Oct. 23, 2014) at 1, ECF No. 1. Absent such additional information, the FBI informed the plaintiff, the agency "can neither confirm nor deny the existence of any records responsive to [plaintiff's] request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C)." Compl., Ex. 3 at 1. The letter further advised the plaintiff of

3

his right to appeal the agency's initial determination to the DOJ Office of Information Policy ("OIP"). *Id.*

Pursuant to the procedures set out in the FBI's initial response, the plaintiff appealed this initial determination on November 12, 2014. Def.'s SMF at 3; Compl., Ex. 4 (Ltr. from Louis Anthony Manna to DOJ OIP, dated Nov. 12, 2014), ECF No. 1. In so doing, the plaintiff contended that Caporino's "open court declarations," as well as concurrent media coverage of Caporino's testimony about his status as an informant, waived privacy concerns and amounted to "if not express [then] implied consent" for the release of records responsive to the plaintiff's FOIA request. Compl. Ex. 4 at 2. On March 9, 2015, the OIP affirmed the FBI's initial determination, on partially modified grounds, and concluded that, because "any non-public records responsive to [plaintiff's] request would be categorically exempt from disclosure," the FBI properly asserted Exemption 7(C) and "was not required to conduct a search for requested records." Def.'s SMF at 3; Compl. Ex. 6 (Ltr. from Sean R. O'Neill to Louis A. Manna, dated March 9, 2015) at 1, ECF No. 1. The OIP further advised the plaintiff of his right to appeal this final decision. Compl. Ex. 6 at 1.

The plaintiff commenced the instant action on May 29, 2015. *See* Compl. Challenging the defendant's decision not to produce any records in response to his August 2014 request, the plaintiff renews his argument that the release of records responsive to his request would not constitute an "unwarranted invasion of personal privacy" because it "does not seek information that can be considered personal or private in nature, as the information sought became public with Caporino's admission and [is] warranted as Caporino claimed involvement in the investigation and conviction of" the plaintiff. *Id.* at 5–6. Additionally, the plaintiff argues that the defendant's refusal to process his FOIA request is "arbitrary, capricious and an abuse of

discretion, not in accordance with law and without observance of procedure required by law," in violation of the APA. *Id.* at 6. With this in mind, the plaintiff seeks an order directing the defendant to "immediately process the requested records" and to produce any responsive records to the plaintiff. *Id.*

On October 16, 2015, the defendant moved to dismiss plaintiff's claim under the APA, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, and for summary judgment as to the plaintiff's FOIA claim. Def.'s Mem. P. & A. Supp. Mot. Summ. J. & Mot. Dismiss ("Def.'s Mem.") at 1, ECF No. 10-2. This motion is now ripe for consideration.

## II.  LEGAL STANDARD

Congress enacted the FOIA as a means "to open agency action to the light of public scrutiny," *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 750 F.3d 927, 929 (D.C. Cir. 2014) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)), and "to promote the 'broad disclosure of Government records' by generally requiring federal agencies to make their records available to the public on request," *DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C. Cir. 2015) (citing *Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988)). As the Supreme Court has "consistently recognized[,] . . . the basic objective of the Act is disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979). At the same time, the statute represents a "balance [of] the public's interest in governmental transparency against legitimate governmental and private interests that could be harmed by release of certain types of information." *United Techs. Corp. v. U.S. Dep't of Def.*, 601 F.3d 557, 559 (D.C. Cir. 2010) (internal quotation marks and citations omitted). Reflecting that balance, the FOIA contains nine exemptions set forth in 5 U.S.C. § 552(b), which "are explicitly made exclusive and must be narrowly construed." *Milner v. U.S. Dep't of Navy*, 562 U.S. 562, 565 (2011) (internal quotation marks and citations omitted) (citing *FBI v.*

5

*Abramson*, 456 U.S. 615, 630 (1982)); *see Murphy v. Exec. Office for U.S. Attys.*, 789 F.3d 204,

206 (D.C. Cir. 2015); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*

(*CREW*), 746 F.3d 1082, 1088 (D.C. Cir. 2014); *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*,

598 F.3d 865, 869 (D.C. Cir. 2010).  "[T]hese limited exemptions do not obscure the basic policy

that disclosure, not secrecy, is the dominant objective of the Act."  *Rose*, 425 U.S. at 361.

      The agency invoking an exemption to the FOIA has the burden "to establish that the

requested information is exempt."  *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443

U.S. 340, 352 (1979); *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489

U.S. 749, 755 (1989); *DiBacco*, 795 F.3d at 195; *CREW*, 746 F.3d at 1088; *Elec. Frontier*

*Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 7 (D.C. Cir. 2014); *Assassination Archives &*

*Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003).  In order to carry this burden, an agency

must submit sufficiently detailed affidavits or declarations, a *Vaughn* index of the withheld

documents, or both, to demonstrate that the government has analyzed carefully any material

withheld, to enable the court to fulfill its duty of ruling on the applicability of the exemption, and

to enable the adversary system to operate by giving the requester as much information as

possible, on the basis of which the requester's case may be presented to the trial court.[3]  *See*

*Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("The description and

explanation the agency offers should reveal as much detail as possible as to the nature of the

document, without actually disclosing information that deserves protection . . . . [which] serves

the purpose of providing the requestor with a realistic opportunity to challenge the agency's

decision." (citation omitted)); *see also CREW*, 746 F.3d at 1088 ("The agency may carry that

burden by submitting affidavits that 'describe the justifications for nondisclosure with reasonably

---

[3]      "A *Vaughn* index describes the documents withheld or redacted and the FOIA exemptions invoked, and explains why each exemption applies."  *Prison Legal News v. Samuels*, 787 F.3d 1142, 1145 n.1 (D.C. Cir. 2015).

specific detail, demonstrate that the information withheld logically falls within the claimed

exemption, and are not controverted by either contrary evidence in the record nor by evidence of

agency bad faith.'" (quoting *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

While "an agency's task is not herculean[,]" it must "describe the justifications for nondisclosure

with reasonably specific detail and demonstrate that the information withheld logically falls

within the claimed exemption." *Murphy*, 789 F.3d at 209 (internal quotation marks omitted)

(citing *Larson*, 565 F.3d at 862).

The FOIA provides federal courts with the power to "enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant," 5 U.S.C. § 552(a)(4)(B), and "directs district courts to determine *de novo* whether

non-disclosure was permissible," *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777

F.3d 518, 522 (D.C. Cir. 2015). A district court must review the *Vaughn* index and any

supporting declarations "to verify the validity of each claimed exemption." *Summers v. U.S.

Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998). Moreover, a district court has an

"affirmative duty" to consider whether the agency has produced all segregable, non-exempt

information. *Elliott v. U.S. Dep't of Agric.*, 596 F.3d 842, 851 (D.C. Cir. 2010) (referring to

court's "affirmative duty to consider the segregability issue *sua sponte*") (quoting *Morley v. CIA*,

508 F.3d 1108, 1123 (D.C. Cir. 2007)); *Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534

F.3d 728, 734 (D.C. Cir. 2008) ("[B]efore approving the application of a FOIA exemption, the

district court must make specific findings of segregability regarding the documents to be

withheld.") (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007));

*Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999)

("[W]e believe that the District Court had an affirmative duty to consider the segregability issue

*sua sponte* . . . . even if the issue has not been specifically raised by the FOIA plaintiff."); *see also* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.").

Summary judgment is appropriate when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56. "In FOIA cases, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (internal quotation marks omitted) (quoting *Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) (quoting *Am. Civil Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011)); *Larson*, 565 F.3d at 862 (quoting *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007)).

## III.   DISCUSSION

As noted above, the plaintiff asserts two claims under the APA and the FOIA, each of which is addressed below.

### A.   The Plaintiff Fails to State a Claim under the APA

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Judicial review is available, however, only in the case of "[a]gency action made reviewable by statute and final agency action *for which there is no*

*other adequate remedy in a court.*"  *Id.* § 704 (emphasis added); *see Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (explaining that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures" (internal quotation marks omitted)).  The defendant argues for dismissal of the plaintiff's APA claim on the ground that the FOIA provides an adequate remedy for the final agency action complained of, and therefore the plaintiff "is not entitled to adjudicate his same claims under the APA."  Def.'s Mem. at 6.

To determine whether the plaintiff may bring an APA claim in addition to his FOIA claim, the adequacy of the relief provided under the FOIA must be considered.  As the D.C. Circuit has clarified, an alternative remedy "need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre,'" and "relief will be deemed adequate [such that APA review is precluded] 'where a statute affords an opportunity for *de novo* district-court review' of the agency action."  *Garcia v. Vilsak*, 563 F.3d 519, 522–23 (D.C. Cir. 2009) (quoting *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)); *see El Rio*, 396 F.3d at 1270 ("Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both the [separate statutory] review provision and the APA." (quoting *Envtl. Def. Fund v. Reilly*, 909 F.3d 1497, 1501 (D.C. Cir. 1990))).  As explained *supra* Part II, the FOIA empowers district courts to determine *de novo* whether an agency has withheld records improperly from a plaintiff and to order production of any such records.  *See* 5 U.S.C. § 552(a)(4)(B).  For this reason, there exists in the FOIA an adequate remedy for the complained-of agency action, and thus the plaintiff has failed to state a claim for relief under the APA.  *See, e.g., Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) ("[C]ourts in this Circuit have uniformly concluded that they lack jurisdiction

over APA claims that seek remedies available under FOIA." (internal quotation marks omitted));

*Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 95 (D.D.C. 2011) ("APA

claims arising out of an agency's response to a FOIA request must be dismissed when they seek

relied that can be obtained through a FOIA claim itself."); *Feinman v. FBI*, 713 F. Supp. 2d 70,

76 (D.D.C. 2010) ("This Court and others have uniformly declined jurisdiction over APA claims

that sought remedies made available by FOIA."); *Kenney v. U.S. Dep't of Justice*, 603 F. Supp.

2d 184, 190 (D.D.C. 2009) (noting "[p]laintiff's claim that the [agency] improperly withheld

agency records . . . is . . . reviewable under the FOIA itself" and thus "plaintiff does not also have

access to judicial review under the APA"); *People for the Am. Way Found. v. Nat'l Park Serv.,*

503 F. Supp. 2d 284, 308 (D.D.C.2007) (explaining "[a] separate action under the APA is

unavailable in this case because FOIA provides an adequate remedy" for an agency's failure to

release records); *Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C.

2005) (noting "[t]he FOIA statute offers a clear and simple remedy for agency non-compliance

with the FOIA [disclosure] deadlines" and thus "a separate action is unavailable under the

APA").

      Accordingly, the defendant's motion to dismiss the plaintiff's APA claim is granted.[4]

### B.    Summary Judgment Is Granted to the Defendant with Respect to the Plaintiff's FOIA Claim

      In its broadest terms, the plaintiff's FOIA request seeks "any information provided by

Peter Caporino from the onset of his opening as an informant for the government up to and

including [August 5, 2014]."  Def.'s SMF at 2; Compl., Ex. 1 at 9.  Given the potentially

---

[4]     The plaintiff failed to address the defendant's argument for dismissal of the APA claim in his opposition to the defendant's motion to dismiss and, thus, alternatively, that argument may be deemed conceded by the plaintiff. See *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)).

expansive universe of agency records responsive to the plaintiff's request, the defendant's present request for summary judgment addresses three distinct categories of potentially responsive records. Def.'s SMF at 3–4; Hardy Decl. ¶ 13. In so doing, the defendant acknowledges that, by calling Caporino to testify against the defendant in the Crincoli trial, the government publicly recognized Caporino's role as a government informant in the "limited context" of that case. Hardy Decl. ¶ 13. Likewise, the defendant concedes that Caporino himself disclosed, in the course of his testimony in the Crincoli trial, that he previously provided information to the government about the plaintiff.

Thus, the first category of potentially responsive records ("Category 1") includes those agency records, if any, that contain information about Caporino that has not been publicly acknowledged by either the government or Caporino. Def.'s SMF at 3; Hardy Decl. ¶ 13. The second category ("Category 2") includes agency records, the existence of which the government made public by calling Caporino to testify, addressing Caporino's status as a government informant in that case. Def.'s SMF at 3; Hardy Decl. ¶ 13. Finally, the third category ("Category 3") includes records containing information "provided by Caporino in the investigation of" the plaintiff, the existence of which "was publicly acknowledged by Caporino, during the Crincoli trial." Def.'s SMF at 3; Hardy Decl. ¶ 13. The discussion that follows addresses the sufficiency of the defendant's basis for declining to produce any agency records falling into these categories *seriatim*.

### 1.    *Category 1*

Category 1 "is comprised of any records about Mr. Caporino, if any exist, that have not been revealed on the public record and do not otherwise fall into Category 2 or 3." Def.'s Mem. at 6; *see* Hardy Decl. ¶ 13. Thus, to fall within this category, a record must contain information

about Caporino unrelated to his status as a government informant either in the Crincoli trial or in the plaintiff's case.

The defendant "did not perform a search for records in Category 1 because the mere acknowledgment of the existence or nonexistence of any such records would trigger harm under Exemptions 6 and 7(C) regarding Mr. Caporino." Def.'s Mem. at 9. Thus, the defendant employs a *Glomar* response, in which the "agency's response [to the plaintiff's request for records] is neither to confirm nor deny the existence of responsive documents." *Id.* at 10 (quoting *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 898 F. Supp. 2d 93, 101 (D.D.C. 2009)). To issue a *Glomar* response, the agency "must demonstrate that acknowledging the mere existence of responsive records would disclose exempt information." *Elec. Privacy Info. Ctr. v. NSA*, 678 F.3d 926, 931 (D.C. Cir. 2012).

In support of its withholding of the records requested in this case, the defendant invokes Exemptions 6 and 7(C), which protect against "unwarranted invasion[s] of personal privacy." 5 U.S.C. § 552(b)(6), (7)(C).[5]  Only Exemption 7(C) will be discussed here, as it "provides broader privacy protection than Exemption 6 and thus 'establishes a lower bar for withholding material,'" *CREW*, 746 F.3d at 1091 n.2; *see* Hardy Decl. ¶ 29 n.6 (noting Exemption 7(C)'s "lower standard" and that "the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion"). Exemption 7(C) protects records "compiled for law enforcement purposes, but only to the extent that the[ir] production . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C). In

---

[5]     The defendant also invokes Exemptions 7(D) and 7(F) "as additional grounds upon which the material is being withheld." Hardy Decl. ¶ 42. Since summary judgment is granted to the defendant on the basis of Exemption 7(C), consideration of whether the withheld material is also exempt under other FOIA provisions is not necessary.

evaluating whether Exemption 7(C) applies, a court's task is "to balance the privacy interest against the public interest in disclosure." *CREW*, 746 F.3d at 1091.

Contending that mere acknowledgment of the existence of records falling within Category 1 would constitute an unwarranted invasion of Caporino's privacy interest, the defendant avers that "members of the public are likely to draw adverse inferences merely from the fact that an individual is mentioned in an FBI file" and further notes that the plaintiff "has not put forth any evidence of a significant public interest to tip the balance in favor of disclosure." Hardy Decl. ¶¶ 30–31.  In support of its position, the defendant emphasizes the privacy interest at stake, Def.'s Mem. at 12, citing the D.C. Circuit's assertion that its "decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants." *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003); *see Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) ("[P]ersons involved in FBI investigations . . . 'have a substantial interest in seeing that their participation remains secret.'  We have said quite recently that '[E]xemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.'" (citations omitted) (quoting *King v. U.S. Dep't of Justice*, 830 F.2d 210, 233 (D.C. Cir. 1987); then quoting *Dunkelberger v. U.S. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990))); *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 488 (D.C. Cir. 1980) ("Those cooperating with law enforcement should not now pay the price of full disclosure of personal detail. . . . [R]eferences to FBI informants properly could be deleted under [Exemption] 7(C) to minimize the public exposure or possible harassment of these individuals." (internal quotation marks omitted)); *see also Reporters Comm.*, 489 U.S. at 765 ("[P]ortions of the FOIA itself

13

bolster the conclusion that disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind.").

For his part, the plaintiff suggests that Caporino's privacy interest in the requested information is not protected by the FOIA, arguing that Caporino's "open court admission concerning his status as a long term informant waived any potential privacy claims concerning his activity as an informant or any documentation generated as a result." Compl. at 5. Although it is true that the FOIA's protection may be waived with respect to information that has been "officially acknowledged," the requested information must meet several criteria, including, *inter alia*, that it be "as specific as the information previously released" and "match" that information. *Fitzgibbon*, 911 F.2d at 765. In this case, Caporino's disclosure consisted only of the fact that, prior to 2002, he had served as a confidential informant to the FBI for a period of more than fifteen years and assisted in the plaintiff's prosecution. Compl., Ex. A of Ex. 1 at 26, Ex. B of Ex. 1 at 46–47. Even assuming Caporino's disclosure would otherwise qualify as "officially acknowledged" information, the plaintiff's request for "any information provided by Peter Caporino from the onset of his opening as an informant for the government up to and including [August 5, 2014]" far exceeds the scope of that disclosure. Def.'s SMF at 2; Compl., Ex. 1 at 9. Consequently, the record does not support the conclusion that Caporino waived the FOIA's protection with respect to all the information targeted by the plaintiff's request.

The plaintiff has also argued that balanced against any privacy interest that may exist, the public interest favors disclosure. Specifically, he avers that the "questionable behavior" of the defendant "since the onset of [its] investigation against [the plaintiff] definitively propels this request into a public interest category." Pl.'s Opp'n at 20. Specifically, he argues the defendant "falsifie[d] documents, obstruct[ed] justice, and withh[e]ld[] information while an innocent man

languishes in prison," *id.* at 19, and that the records he requests will "shed light on an agency's performance of its statutory duties . . . [and] behavior or performance," *id.* (quoting *Williams v. FBI*, 822 F. Supp. 808, 813 (D.D.C. 1993)).  He further explains that he "is seeking the Caporino material to prove his innocence and ultimately use the material to be fully exonerated."  *Id.* at 23–24.  Thus, the plaintiff contends, disclosure of the requested records is consistent with the purposes of the FOIA, which exists to protect "the citizens' right to be informed about what their government is up to."  *Id.* at 19 (quoting *Reporters Comm.*, 489 U.S. at 773).

The plaintiff is correct that the public has a significant interest in information regarding government misconduct, including "knowing whether the FBI is withholding information that could potentially help [a criminal defendant] prove his innocence."  *See Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1182 (D.C. Cir. 2011).  Nevertheless, in such circumstances, "[t]he public's interest is in knowing whether the FBI's files contain information that could corroborate [a criminal defendant's] claim of innocence, not in knowing all information the FBI may have about [the private parties targeted by the FOIA request]."  *Id.* at 1181–82.  For this reason, the Court "emphasize[d] that the FBI need not disclose whether it has information about [the targeted private parties] unrelated to its investigation into the [crime of which the defendant was convicted]."  *Id.* at 1181.

In this case, the information in Category 1 by definition excludes information pertaining to the plaintiff's investigation, and the plaintiff has put forth no explanation as to how information about Caporino's participation or lack thereof in other government investigations could "corroborate [the plaintiff's] claim of innocence."  *Id.* at 1181–82.  Thus, the plaintiff has not proffered a significant public interest in the existence of any information falling within Category 1.  Accordingly, the defendant's request for summary judgment is granted with respect

to its *Glomar* response to the plaintiff's request, to the extent that request seeks records falling within Category 1.

### 2.    *Category 2*

Category 2 is comprised of "information made public by the government," Def.'s Mem. at 6, regarding "[t]he fact that Mr. Caporino was indeed a government informant as to the Michael Crincoli matter," Hardy Decl. ¶ 13.  The defendant explains that "no records search was performed for records in Category 2 as such informant status records are exempt" under Exemptions 6 and 7(C).  Def.'s Mem. at 9.  According to the defendant, as with the information in Category 1, "[t]he public interest in Category 2 information is again nonexistent, since the pertinent information is already in the public record, and any additional information would not provide additional insight into the operations and activities of the FBI."  Hardy Decl. ¶ 32.

As discussed with respect to the information in Category 1, the plaintiff has asserted the public's interest in knowing "what [its] government is up to," namely, whether the defendant has withheld information relevant to the plaintiff's claim of innocence.  Pl.'s Opp'n at 19.  Yet, the plaintiff has not articulated how additional information related to Caporino's status as a government informant in the Crincoli trial, which involved a separate investigation and proceeding, would further the public's interest in knowing whether the defendant has engaged in misconduct with respect to the plaintiff's case.  For this reason, summary judgment is granted to the defendant as to its withholding of records falling within Category 2.

### 3.    *Category 3*

Category 3 is comprised of "information made public by Mr. Caporino," Def.'s Mem. at 6, and includes "[a]ny information provided by Mr. Caporino in the investigation of [the plaintiff]," Hardy Decl. ¶ 13.  In contrast to Categories 1 and 2, the defendant did perform a

search for records falling into this category "given Mr. Caporino's specific acknowledgment of his informant status with respect to" the plaintiff, Hardy Decl. ¶ 21, but contends that "the contents of any such records are categorically exempt from disclosure" pursuant to Exemptions 6 and 7(C).   *Id.* ¶ 13.   Specifically, the defendant argues that the plaintiff has again failed to state a significant public interest to counter the privacy interests implicated by his request.   While acknowledging that, unlike Categories 1 and 2, the information in Category 3 does pertain to the investigation of the plaintiff, and thus could be relevant to the proffered public interest in knowing whether the government engaged in misconduct in the plaintiff's case, the defendant avers that the plaintiff "fails to present any evidence of actual wrongdoing or impropriety that would constitute a significant public interest."   Hardy Decl. ¶ 34.

In cases where the asserted public interest is "the revealing of government misconduct," the Supreme Court has required "that the FOIA requester 'establish more than a bare suspicion' of misconduct."   *Roth*, 642 F.3d at 1178 (quoting *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004)).   To satisfy this "threshold requirement," *id.*, the requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," *id.* (quoting *Favish*, 541 U.S. at 174).   This means that, in this case, the plaintiff must produce evidence suggesting to a reasonable person that the FBI is withholding information that would exonerate the plaintiff.   *See id.* at 1180.

Although the plaintiff has asserted that his "case is replete with evidence that questions an agency's performance of its statutory and fiduciary duties as well as [its] behavior" and avers that behavior is "criminal," Pl.'s Opp'n at 19–20, he has failed to support these conclusory statements with proof that would support a reasonable person's belief that the alleged government misconduct occurred.   The plaintiff has put forth no evidence that the government

has previously failed to disclose information favorable to him, nor is it apparent, after liberally construing the plaintiff's pleadings, how information regarding Caporino's informant status would exonerate the plaintiff.  Consequently, the plaintiff's allegations of government misconduct are insufficient to create a genuine dispute of material fact that could overcome the defendant's request for summary judgment as to its withholding of information falling within Category 3.[6]

*        *        *

In sum, the defendant's motion to dismiss the plaintiff's APA claim is granted.  Likewise, the defendant's motion for summary judgment on the plaintiff's FOIA claim is granted, and judgment is entered as a matter of law in favor of the defendant.

## IV.   CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment and Motion to Dismiss is granted.

Date: September 15, 2016

_____
BERYL A. HOWELL
Chief Judge

---

[6]     The plaintiff further argues that he has "established bad faith by [the defendant]" such that *in camera* inspection of the requested documents is warranted, Pl.'s Opp'n at 21–22, and, in addition, that *in camera* review would allow the Court to "assess the veracity" of the defendant's assertion—entitled to a presumption of correctness, *Sussman*, 494 F.3d at 1117—that it was not able reasonably to segregate any material from the exempt records.  *Id.*  In view of the plaintiff's failure to demonstrate misconduct or other bad faith on the part of the defendant, this request is also denied.