UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD S. LEVICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 15-2054 (BAH) |
| | ) |
| KRIS R. KISER, | ) |
| | ) |
| Defendant. | ) |

JOINT MEET AND CONFER STATEMENT

Plaintiff Richard S. Levick ("Mr. Levick") and Defendant Kris R. Kiser ("Mr. Kiser") (collectively, the "Parties"), by and through undersigned counsel, respectfully submit this Joint Meet and Confer Statement in conformance with this Court's September 8, 2016 Order and pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.

STATEMENT

1. On September 20 and 21, 2016, undersigned counsel conferred via telephone. Their discussion included the topics specified in Local Rule 16.3(c) and Fed. R. Civ. P. 26(f)(2) and (3). Pursuant to that conference, the Parties state as follows:

2. With regard to the topics listed in Local Rule 16.3(c)(1), the Parties do not believe this case is likely to be disposed of in its entirety by dispositive motion. The Parties reserve the right to file dispositive motions at a further date. Mr. Kiser anticipates filing a Motion for Partial Summary Judgment as to Count IV (Violation of the Consumer Protection Procedures Act, D.C.

Code §§28-3904 *et seq.*) (the "CPPA") as to the issue that Mr. Kiser does not fall within the definition of "merchant" under the CPPA.  The Court denied Mr. Kiser's Motion to Dismiss, or in the Alternative, for More Definite Statement, on September 8, 2016. The Parties agree that this case is appropriate for discovery to move forward.

3. With regard to the topics listed in Local Rule 16.3(c)(2), the Parties agree that the deadline by which any other parties shall be joined or the pleadings amended shall be ninety (90) days after the date of this filing.  The Parties agree that the legal and factual issues cannot be agreed upon or narrowed further at this time.

4. With regard to the topics listed in Local Rule 16.3(c)(3), the Parties do not consent to the assignment of the case to a magistrate judge "for all purposes, including trial."  The Parties are amenable to the assignment of the case to a magistrate judge for purposes of discovery, according to the Court's practice and at the Court's discretion.

5. With regard to the topics listed in Local Rules 16.3(c)(4) & (5), the Parties agree that this case might benefit from ADR procedures, either with the assistance of the Court's ADR procedures or a private neutral.  The Parties believe it is too early to accurately predict the possibility of settlement.

6. With regard to the topics listed in Local Rule 16.3(c)(6), it is doubtful that this case can be resolved in its entirety with dispositive motions. The Parties reserve the right to file dispositive motions at a further date.  The deadline for such filings to be made shall be 30 days after the close of discovery.

7. With regard to the topics listed in Local Rule 16.3(c)(7), while the Parties are willing to engage in early settlement discussions, either with the assistance of the Court's ADR procedures or a private neutral, at the present time, however, the Parties believe that the exchange of the

initial disclosures required by Fed. R. Civ. P. 26(a)(1) and some written discovery will be necessary before settlement negotiations are likely to achieve further progress.  The Parties agree that they will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 within twenty-one (21) days from the filing of this Report.

8. With regard to the topics listed in Local Rule 16.3(c)(8), the Parties anticipate that discovery will focus on, *inter alia*:

> a. the use and condition of the home Mr. Levick purchased from Mr. Kiser;
>
> b. the alleged misrepresentations made regarding the home Mr. Levick purchased from Mr. Kiser;
>
> c. the alleged code and permit violations in the home Mr. Levick purchased from Mr. Kiser;
>
> d. Mr. Levick's alleged damages.

All requests for admissions, requests for production, interrogatories, and all other non-expert discovery requests shall have been issued and the initial disclosures regarding experts required by Fed. R. Civ. P. 26(a)(2)(A) shall be completed no later than one hundred eighty (180) days commencing from the deadline to exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) (*i.e.,* two hundred one (201) days after the date of this filing).  The Parties further propose that the "Fact Discovery Deadline," when all discovery responses, answers, productions, and all depositions—except the reports and depositions of expert witnesses, which are described below—shall be completed within thirty (30) days after such date (*i.e.*, two hundred thirty-one (231) days after the date of this filing).

9. With regard to the topics listed in Fed. R. Civ. P. 26(f)(3)(C), the parties have agreed to preserve all electronically stored information ("ESI") and that ESI will be produced in native format.

10.  With regard to the topics listed in Fed. R. Civ. P. 26(f)(3)(D), the Parties agree to notify each other within five (5) business days of recognizing it has produced a document it believes is subject to privilege or work-product protection and to return said document if it is agreed the privilege or protection apply.  If the parties cannot work in good faith to resolve the issue, the producing party shall have ten (10) days to file with the Magistrate to resolve the issue.

11.  With regard to the topics listed in Local Rule 16.3(c)(9), the Parties agree that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should not be modified. Expert depositions shall be conducted within forty-five (45) days of the close of fact discovery.

12.  With regard to the topics listed in Local Civil Rule 16.3(c)(11), the Parties agree that neither the trial nor discovery should be bifurcated or managed in phases, except that expert discovery shall occur after fact discovery, as stated above.

13.  With regard to the topics listed in Local Rules 16.3(c)(12) and (13), the Parties propose that the pretrial conference occur within sixty (60) days after the "Fact Discovery Deadline".

Dated:  September 22, 2016

Respectfully submitted,

/s/ Sanford M.Saunders, Jr.
Sanford M. Saunders, Jr. (DC-376098)
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tel:  (202) 331-3130
Fax:  (202) 261-0150

*Attorneys for Plaintiff Richard S. Levick*

/s/ Joshua M. Greenberg
Joshua M. Greenberg  (DC-489323)
Vincent Mark J. Policy  (DC-204701)
GREENSTEIN DELORME & LUCHS, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5605
Tel:  (202) 452-1400
Fax:  (202) 452-1410

*Attorneys for Defendant Kris R. Kiser*